UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RehabCare Group East, Inc.,	Case No. 3:15-cv-01399

      Plaintiff

  v.	MEMORANDUM OPINION
                                                                                                                                                              & ORDER

Plus Management Services, Inc.,

      Defendant

## I.    INTRODUCTION

Defendant Plus Management Services, Inc. ("Baton Rouge") moves to dismiss counts two and three of the complaint of Plaintiff RehabCare Group East, Inc. (Doc. No. 9). RehabCare has filed a brief in opposition. (Doc. No. 12). Baton Rouge filed a brief in reply. (Doc. No. 16). For the reasons stated below, Baton Rouge's motion to dismiss is granted.

## II.    STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. BACKGROUND

Plus Management Services, Inc. ("Baton Rouge")[1] is an Ohio corporation that owns and operates a skilled nursing facility and a home health agency in Lima, Ohio. Baton Rouge and RehabCare entered into two agreements. In one contract, RehabCare agreed to provide services at the Baton Rouge facility, while in the other, it agreed to provide services to Baton Rouge's home-health-care patients. (Doc. No. 1 at 3). The parties had some disputes concerning monthly invoices RehabCare submitted, and Baton Rouge refused to pay the invoices. (Doc. No. 1 at 3). RehabCare alleges it agreed to continue providing services after Baton Rouge promised to pay the past-due invoices. (Doc. No. 1 at 3-4). The parties continued their attempts to resolve the issue but RehabCare alleges Baton Rouge has failed to pay for at least some of the services rendered. (Doc. No. 1 at 4). RehabCare brought suit, alleging claims for breach of contract, promissory estoppel, unjust enrichment, and account stated. (Doc. No. 1 at 4-6).

### IV. ANALYSIS

Baton Rouge moves to dismiss RehabCare's claims for promissory estoppel and unjust enrichment. Baton Rouge argues these claims must be dismissed as a matter of law because there is a written and undisputed contract between the parties. RehabCare contends (1) Baton Rouge has an independent legal duty to pay RehabCare due to Baton Rouge's receipt of Medicare reimbursement funds for services RehabCare provided and (2) Baton Rouge's promises to pay "constitute new promises, separate from the obligations established in the Agreements . . . ." Doc. No. 12 at 8). I disagree, and dismiss RehabCare's claims for promissory estoppel and unjust enrichment.

Equitable claims such as unjust enrichment and promissory estoppel are inapplicable if there is "an express agreement . . . concerning the services for which compensation is sought; the parameters of the agreement limit the parties' recovery, in the absence of bad faith, fraud[,] or illegality." *Pawlus v. Bartrug*, 673 N.E.2d 188, 191 (Ohio Ct. App. 1996) (citing *Aultman Hosp. Ass'n v.*

---

[1] Defendant has adopted this shorthand reference. (Doc. No. 9 at 1).

*Cmty. Mut. Ins. Co.*, 544 N.E.2d 920, 924 (Ohio 1989)); *see also TLC Healthcare Servs., L.L.C. v. Enhanced Billing Servs., L.L.C.*, 2008-Ohio-4285, 2008 WL 3878349, at *3 (Ohio Ct. App. August 22, 2008) (holding promissory estoppel "is not available to override the terms of an express contract where one exists"). In order to proceed with its claims, RehabCare must allege bad faith, fraud, or illegality, as the parties agree they entered into two contracts for the provision of skilled nursing services.

RehabCare argues its unjust enrichment claim should survive because Baton Rouge's failure to pay presents "Medicare fraud implications." (Doc. No. 12 at 5; *see also* id. at 6 ("[W]hen an 'under arrangements' provider . . . is not paid, there ceases to be any 'arrangement' at all.")). RehabCare, however, has not identified a case in which a court concluded that a failure to pay in these circumstances made a contract void or voidable. RehabCare offers no allegations of bad faith, fraud, or illegality at the time the parties entered into the agreements and therefore the agreements alone provide the parameters for the compensation to which RehabCare is entitled. *See Aultman Hosp. Ass'n*, 544 N.E.2d at 924 (citing *Ullman v. May*, 72 N.E.2d 63 (Ohio 1947) (paragraph 3 of the syllabus)).

Moreover, RehabCare's contention that, because of the Medicare implications, its unjust enrichment claim is "conceptually broader" than its contract claim is not persuasive. (Doc. No. 12 at 5). Just as Baton Rouge only may request Medicare reimbursement as a result of services provided pursuant to the agreements, RehabCare only provided services because of the agreements. The contracts are the basis for the parties' relationship and RehabCare offers no allegations which could establish a separate legal relationship between it and Baton Rouge. Whether or not Baton Rouge's alleged withholding of amounts due to RehabCare under the agreements is a violation of the Medicare regulations, RehabCare fails to show that Medicare provides it with a distinct, enforceable legal entitlement to Medicare reimbursement funds.

Additionally, RehabCare argues its promissory estoppel claim may go forward because "Baton Rouge's representations [that it would pay] and RehabCare's continued performance constituted new promises, separate from the obligations established in the Agreements, but not contradictory to the Agreements." (Doc. No. 12 at 8). The complaint, however, does not identify any "new" promises. When RehabCare protested Baton Rouge's failure to pay the outstanding invoices, RehabCare alleges Baton Rouge promised to pay the outstanding invoices and RehabCare promised to continue providing services while waiting for Baton Rouge to pay. (Doc. No. 1 at 4). The parties' reaffirmation of the obligations they agreed to in the contracts does not constitute a new, quasi-contractual agreement. *Cf. Fisk Alloy Wire, Inc. v. Hemsath*, 2005-Ohio-7007, 2005 WL 3557392, at *5 (Ohio Ct. App. Dec. 30, 2005) (concluding contractor's promise to finish building furnace and company's agreement to pay higher maximum purchase price constituted additional promises). Even if this exchange of promises modified the parties' agreements, their relationship remains governed by the express agreements and RehabCare may not proceed with its promissory estoppel claim or its unjust enrichment claim.

## V. CONCLUSION

For the reasons stated above, Baton Rouge's motion to dismiss, (Doc. No. 9), is granted. RehabCare's claims for promissory estoppel and unjust enrichment are dismissed. In its motion, Baton Rouge did not challenge RehabCare's breach-of-contract and account-stated claims, and those claims will move forward. The clerk shall contact counsel to schedule a case management conference.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
